

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-79,465-01

### EX PARTE AL LETROY SMITH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS FROM THE CAUSE NO. 43,698-01-A IN THE 47TH DISTRICT COURT POTTER COUNTY

**PER CURIAM. MEYERS, J., filed a dissenting opinion. JOHNSON, J., concurred.**

### O P I N I O N

After filing and setting Al Letroy Smith's application for writ of habeas corpus, this Court handed down its opinion in which we held that a court may *sua sponte* raise and ultimately deny an applicant's claim on the basis of laches.[1] Our opinion remanded the application to the habeas judge to give Smith an opportunity to explain his delay in seeking habeas relief.[2] In response, the habeas judge entered findings of fact and conclusions of law and recommended that Smith's application be denied on the basis of laches. Specifically, the

---

[1] *Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014).

[2] *Id.*

habeas judge found that, "[b]y [Smith's] own acknowledgment in his habeas application, applicant was aware of his right to appeal from July 2002 forward. As explanation for the 10 ½ year delay from conviction to the habeas application, applicant, through newly-appointed counsel, points only to his misplaced reliance 'on the care and vigilance' of former appellate counsel Wilson."

Because at the time the judge entered his findings of fact and conclusions of law the record did not contain Smith's explanation for his delay, we remanded the cause to the habeas court a second time. The record has since been supplemented to include Smith's filed pleading. Smith contended that, "[b]y inaction, counsel became an 'unexpected or unavoidable hindrance'" and that as a layperson he should not "be expected to know how long he is expected to wait before concluding that he has been left without counsel and must apply for relief himself."

We find that the record as supplemented supports the judge's findings of fact and conclusions of law and therefore adopt them. Relief is denied.


Delivered: June 24, 2015
Do not publish